FILED
SUPERIOR COURT
OF GUAM

2026 JUL 23 PM 12: 38

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DOOSAN UKUDU POWER LLC and MICHAEL J. GATEWOOD,<br><br>Petitioners,<br><br>vs.<br><br>JOHN M. BENAVENTE, P.E., in his Individual and official capacity as General Manager of Guam Power Authority,<br><br>Respondent. | Special Proceedings Case No. <u>SP0079-26</u><br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

Respondent John Benavente moves to dismiss this Sunshine Act action on two main bases: (1) that Petitioner Doosan Ukudu Power LLC lacks standing as an undisclosed principal; and (2) that the Court lacks subject matter jurisdiction because Petitioners failed to name Guam Power Authority as a respondent. The Court finds that Petitioners have properly named Benavente in his official capacity as the GPA General Manager to bind GPA and in his personal capacity but also determines that Doosan lacks standing. The motion is therefore GRANTED IN PART and DENIED IN PART.

## I.  PROCEDURAL BACKGROUND

On or about March 17, 2026,[1] Attorney Michael Gatewood requested from GPA documents under the Sunshine Act related to grid support and an extension-of-time request submitted to GPA by Doosan. V. Pet., Ex. A (May 12, 2026). The letter is on his law firm

---

[1] The letter is undated. Gatewood supplies the March 17 date in the Verified Petition.

**ORIGINAL**

letterhead but contains no mention that the letter is furnished on behalf of Doosan or any other client. *Id.*

On March 20, 2026, GPA Attorney Marianne Woloschuk emailed Gatewood that GPA was invoking a 10-day extension under 5 GCA § 10103(e)(2). On April 2, 2026, GPA issued its response to Gatewood under GPA letterhead, signed by Benavente. Decl. Michael Gatewood, Ex. 1 (July 2, 2026); Supp. Decl. Michael Gatewood, Ex.1 (July 14, 2026). The email from Woloschuk to Gatewood labeled GPA's letter as "26-04-02 GPA Response to DUP Sunshine Act request." *Id.* In GPA's response, it produced some documents and asserted exemptions for non-produced documents. V. Pet. ¶ 7; Supp. Decl. Michael Gatewood, Ex. 1.

Doosan and Gatewood filed a Sunshine Act proceeding, naming Benavente in his official and personal capacities. Benavente moves to dismiss on the bases that Doosan lacks standing to file this case as it is an undisclosed principal of its agent, Gatewood, and Benavente is not a proper respondent. Mot. Dismiss (June 30, 2026).

## II.   LAW AND DISCUSSION

### A. Proper Respondent

Benavente contends that all claims against him should be dismissed because Petitioners failed to sue GPA. Whether a public official or an agency holds liability in a Sunshine Act case starts with a plain language review of that Act. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6. This is determined "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (citation and quotation omitted).

The Court starts with section 10111 of Title 5 of the Guam Code Annotated, which discusses Sunshine Act "Court Proceedings." That provision does not specify who should be sued, but it offers that both the agency *and* the director hold burdens of proof: "The burden is on

# ORIGINAL

the agency to sustain its action. All records shall be presumed public and the burden of establishing that a document or record is private shall be upon the agency *or* person claiming that the document on record should not be disclosed or inspected." 5 GCA § 10111(c) (emphasis added). The individual who determines whether or not to disclose a record is the agency's director, defined as, "the person directly responsible for overseeing the daily operations of an agency." 5 GCA § 10102(b).

The prescribed statutory remedy for Sunshine Act violations also gives the director a role in a Sunshine Act case: "If the Court finds that the public official's decision to refuse disclosure is not justified under this Chapter, the Court shall order the public official to make the record public." 5 GCA § 10111(e). Moreover, if the Court finds relief is not warranted, the statute requires the return of the material to the public official. *Id.* In these provisions, the Sunshine Act empowers a court that finds relief warranted to directly instruct the public official to take action.

Finally, it is the director, and not the agency, who faces monetary penalties for failure to produce public documents. Under section 10112, if a public official unjustifiably refuses to produce documents as required under the Sunshine Act, he faces personal exposure of up to $1,000.

Reading these provisions together, a public official has specific duties in a Sunshine Act case: he bears a burden of persuasion, stands by to receive instructions of the court depending on the outcome of the court's decision, and holds personal exposure. Seen another way, if the official is left out of the lawsuit, it could be argued that there would be no respondent bound to receive instructions and pay personal penalties. Here, however, Gatewood properly sued Benavente in those capacities.

# ORIGINAL

Benavente asks the Court to consider that the agency holds the disclosure duties, and that agency head's liability is only secondary. Mot. Dismiss at 5 (citing 5 GCA §§ 10103(c)-(d) (agency to produce non-exempt records), 10104 (agency's handling of electronic requests), 10105 (agency and director to efficiently disclose records), 10106(a) (agency to post access guidelines), 10107(a) (agency to submit annual report)). These provisions, however, govern the mechanics of how the government agency receives, routes, and answers a request. As noted above, section 10111, in contrast, governs judicial proceedings. And in that section, the language switches from what the agency must do to what the public official and the agency must do. Read as a whole, the Sunshine Act assigns operational duties to the agency and enforcement exposure to the responsible official. That the agency bears the day-to-day duty to produce does not displace the intent of the Legislature to make the public official the subject of the Court's enforcement power.

Benavente also relies on an analogy to the federal Freedom of Information Act. He correctly points out that the Guam Supreme Court treats the federal FOIA as persuasive in construing the Sunshine Act, and that under that law, the proper defendant is the agency, not the public official. *See Macris v. Guam Mem'l Hosp.*, 2008 Guam 6 ¶ 25; *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011). However, federal law contains an important distinction: its enforcement text confers jurisdiction on a court to enjoin the *agency*—not an individual—from withholding agency records and to order the agency to produce such records. 5 USC § 552(a)(4)(B); *Drake*, 664 F.3d at 786. Unlike federal law, Guam law charges the public official to produce records if successfully sued and to assume the personal liability for failing to do so.

Turning to Benavente's two capacities, it appears they are both properly involved. As to his official capacity, this suit against him as the General Manager is in substance a suit against

**ORIGINAL**

the office he heads, and thus against GPA itself. His concern that the agency is the only proper party is therefore satisfied by the official-capacity claim. As to claims against him in his individual capacity, section 10112 supplies the justification: he may face monetary penalties and has to be named in his personal capacity to face those penalties. Benavente was the public official who signed GPA's response and declined to produce all responsive records or to identify what was withheld and why. Decl. Michael Gatewood ¶ 7. He is properly named in both capacities.

For these reasons, the Court concludes that Benavente is a proper Respondent, and the motion to dismiss on that ground is denied.

## B. Doosan's Standing

Benavente also challenges the standing of Doosan to bring this lawsuit on the basis that Gatewood failed to disclose he was acting on behalf of Doosan. Under *Macris*, 2008 Guam 6 ¶ 27, "the agent must identify the principal in making the information request, for the principal to have standing to institute proceedings pursuant to section 10111(b)."

Doosan claims that although Gatewood signed the Sunshine Act letter, Benavente knew that he did so on behalf of Doosan. To answer what GPA knew, the Court first looks to Gatewood's letter.[2] On its face, the letter asks about records regarding Doosan, but it never labels Doosan as Gatewood's client or principal. Strictly looking at the letter, Doosan is an undisclosed principal.

---

[2] In a Rule 12(b)(1) analysis, the Court may refer to matters outside the pleadings. Here, the Court looks to Gatewood's letter and Benavente's response.

ORIGINAL

Doosan asks the Court to look at other material, however. Doosan claims that GPA's April 2 email titled its attached response letter, ". . . Response to DUP Sunshine Act request," and that this label means GPA knew Gatewood was submitting the request on behalf of Doosan. This reference is ambiguous; it could mean the request pertains to files mentioning DUP, or it could mean, as Doosan argues, that DUP is making the Sunshine Act request. But this is not a distinction that matters as it is the contents of Gatewood's letter that dictates if he disclosed the principal at the time of the request. The letter identifies a single requestor—Gatewood. He authored the letter on his law-firm letterhead and wrote in first person. V. Pet., Ex. A ("I respectfully request . . . ."). Doosan's name appears throughout, but always as the subject of the records sought. Naming Doosan as the subject of the documents is not the same as identifying Doosan as the principal making the request. And later emails not authored by Gatewood fail to substitute for that disclosure.

This does not end the matter, however. Although Benavente challenges Doosan's standing at length, he does not challenge Gatewood's standing. Nor could he. The Sunshine Act provides that "[a]ny person may institute proceedings . . . to enforce that person's right to inspect or to receive a copy of any public record." 5 GCA § 10111(b). Gatewood signed and submitted the March 17, 2026 request. V. Pet., Ex. A. He is, without dispute, "the person making the request," and the statute confers standing on him directly. Because Gatewood has standing to enforce the request, the Petition presents a justiciable controversy over which the Court has subject matter jurisdiction, and the action survives irrespective of Doosan's standing.

### III.     CONCLUSION

As GPA has demonstrated that Doosan is not a proper party but has not shown that subject matter jurisdiction is otherwise lacking, the Court ORDERS:



SP0079-26

DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

Page 7

1.      The motion to dismiss for lack of subject matter jurisdiction over Benavente as Respondent is DENIED. As the official charged with ensuring the agency responds to the request and the official who refused disclosure, Benavente is a proper respondent in both his official and individual capacities.

2.      The motion to dismiss for lack of standing is GRANTED as to Doosan. Because Doosan's lack of standing arises from the contents of the March 17, 2026 request, which cannot be altered after the fact, no amendment of the Petition could cure the defect, and Doosan is dismissed without leave to amend.

These same resolutions apply to any arguments relative to dismissal under Rules 12(b)(6) and 12(c), which GPA also raises.  Both arguments rest on the same premises as Benavente's jurisdictional arguments — that Doosan was not disclosed and that the Sunshine Act affords no cause of action against an individual — and both fail for the reasons already given.

The Petition shall proceed with Gatewood's claim. The Court sets this matter for hearing on Monday, August 3, 2026, at 2:00 p.m.  Benavente's brief in response to the Petition may be filed by July 30, 2026.

**SO ORDERED** this 23 July 2026.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:

Leevin Taitano Camacho, Esq., Law Offices of Camacho & Taitano LLP, for Petitioners Doosan
    Ukudu Power LLC & Michael J. Gatewood, Esq.

Heather Martinez Quitugua, Esq., Law Offices of Heather Martinez Quitugua, PC, for
    Respondent John M. Benavente, P.E., in his Individual and official capacity as General
    Manager of Guam Power Authority.

SERVICE VIA-EMAIL

I acknowledge that an electronic copy
of the original was e-mailed to:
CAMACHO & TAITANO
HEATHER M. QUITUGUA, ESQ.
JUL 2 3 2026 12:54 PM

Edna M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL